UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID LEE BEAN,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 3:16-cv-05104 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 8). This matter has been fully briefed (*see* Dkt. 15, 19, 20).

After considering and reviewing the record, the Court concludes the ALJ erred when he failed to provide clear and convincing reasons supported by substantial evidence for rejecting plaintiff's testimony regarding his symptoms and disabling limitations. The

ALJ also erred by failing to properly consider the lay witness statement of David Wheeler. Had the ALJ properly considered plaintiff's statements and Mr. Wheeler's lay witness statement, the residual functional capacity ("RFC") may have included additional limitations. Because this error is not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, DAVID LEE BEAN, was born in 1968 and was 44 years old on the alleged date of disability onset of April 1, 2012 (*see* AR. 180-89). Plaintiff completed the seventh grade and has not obtained his GED (AR. 45). Plaintiff has work experience as a lube technician, delivery driver, taxi driver, packing trees for shipping, and volunteer fireman (AR. 64, 230-41).

According to the ALJ, plaintiff has at least the severe impairments of "Chronic Obstructive Pulmonary Disease; Status Post Small Bowel Resection; and Status Post Cervical Discectomy and Fusion (20 CFR 416.920(c))" (AR. 26).

At the time of the hearing, plaintiff was living in a mobile home with a roommate (AR. 52).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 108-11, 112-18). Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on February 19, 2014

(*see* AR. 41-68). On March 13, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 21-39).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether Dr. Gritzka's opinion, incorporated and considered by the Appeals Council, undermined substantial evidence support of the ALJ's decision; (2) Whether the rejection of the lay testimony stands; (3) Whether the assessment of plaintiff's subjective claims stands; and (4) Whether, in light of these weaknesses, the RFC and hypothetical questions were complete such that substantial evidence supported the ALJ's decision (*see* Dkt. 15, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)    Whether the ALJ erred in rejecting plaintiff's testimony.**

Plaintiff argues that the ALJ erred in rejecting his testimony regarding his symptoms and limitations (Dkt. 15, pp. 11-12). If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918

(9th Cir.1993)).  As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

Here, the ALJ rejected plaintiff's testimony finding that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms … [but] the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (AR. at 29-30). The ALJ outlined three reasons he found plaintiff's statement less than credible. First, the ALJ found that plaintiff's "allegations are not consistent with the objective medical evidence in the record and cannot be relied upon to determine the extent of his limitations" (AR. 30). Second, the ALJ found that plaintiff's activities of daily living undermine his allegations concerning his limitations (AR. 31). Third, the ALJ found that "[t]he evidence does not suggest the claimant is motivated to work consistently …. [and] [h]is lack of motivation to work undermines his overall credibility" (AR. 31-32). Plaintiff argues that the ALJ offered insufficient reasons to reject his testimony. The undersigned agrees.

First, the ALJ rejected plaintiff's testimony because he found it was not supported by the objective medical evidence (*see* Ar. 30, 32). The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). The ALJ must first determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at

1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (citing *Cotton*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

Here, the ALJ found that plaintiff suffers from severe impairments, including COPD, Status Post Small Bowel Resection, and Status Post Cervical Discectomy and Fusion (*see* AR. 26) and also found that plaintiff's impairments "could reasonably be expected to cause some of the alleged symptoms" (*see* AR. 29), but determined that plaintiff's statements are not entirely credible because they are inconsistent with the objective medical evidence (*see* AR. 30). As noted above, however, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell*, 947 F.2d at 343, 346-47. On this basis alone, because the ALJ found plaintiff's impairments severe, the ALJ erred in rejecting plaintiff's symptom testimony as inconsistent with the medical evidence. *See id.* Moreover, the ALJ determined that "[t]he record does not contain objective evidence indicating why the claimant might have ongoing abdominal pain"

ORDER ON PLAINTIFF'S COMPLAINT - 5

(AR. 30). However, lack of objective medical evidence is insufficient to reject allegations of pain because "pain is a completely subjective phenomenon" and "cannot be objectively verified or measured." *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

Furthermore, the ALJ determined that plaintiff's "willingness to continue to smoke cigarettes suggests that the limitations caused by his COPD are not as great as alleged" (AR. 30). With respect to smoking in spite of a plaintiff's impairments, the Ninth Circuit has observed in dicta that "[i]t is certainly possible that [the plaintiff] was so addicted to cigarettes that she continued smoking even in the face of debilitating shortness of breath and acute chemical sensitivity." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Yet, the Court declined to determine whether the ALJ erred in considering the failure to quit smoking because "the ALJ presented four other independent bases for discounting [plaintiff's] testimony, and each finds ample support in the record," explaining "the ALJ's reliance on [plaintiff's] continued smoking, even if erroneous, amounts to harmless error." *Id.* Similarly, some district courts in the Ninth Circuit have determined failure to quit smoking undermines the credibility of a claimant's subjective complaints. *See, e.g.*, *Jones v. Colvin*, No. 1:14-CV-01991-JLT, 2016 WL 816484, at *8 (E.D. Cal. Mar. 2, 2016) (collecting cases); *Garner v. Colvin*, No. C12-2045-MAT, 2013 WL 11319013, at *9 (W.D. Wash. July 23, 2013), *aff'd,* 626 F. App'x 699 (9th Cir. 2015); *Reeves v. Astrue*, No. C11-5321-MJP-MAT, 2012 WL 1032778, at *6 (W.D. Wash. Mar. 6, 2012), *report and recommendation adopted,* No. C11-5321-MJP, 2012 WL 1029669 (W.D. Wash. Mar. 27, 2012). Nevertheless, even if plaintiff's failure to quit smoking despite his diagnosis of COPD undermines his

complaints of debilitating COPD, the Court finds that this one reason to reject plaintiff's testimony does not amount to clear and convincing evidence sufficient to reject all of plaintiff's symptom testimony.

Second, the ALJ rejected plaintiff's testimony because he determined that plaintiff's activities of daily living undermine his allegations of disabling limitations. Specifically, the ALJ determined that:

> The claimant's allegations are found to be less than fully credible and cannot be relied upon to determine the extent of the claimant's limitations. The claimant's activity level undermines the credibility of his allegations. The claimant alleges memory impairment but he reported that he uses the computer a lot. He has also reported that his friend comes and picks him up, suggesting that he goes places and interacts with others. In September of 2012 he was riding his bike for ten miles. He was able to mow his lawn but had to stop because of his diarrhea but returned and finished the task. These activities are not consistent with the pain and fatigue alleged by the claimant.

AR. 31 (citations omitted). Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony or (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn*, 495 F.3d at 639 (citing *Fair*, 885 F.2d at 603). The ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities

warrant an adverse determination regarding if a claimant's statements should be credited. *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). The Ninth Circuit recently revisited this issue of activities of daily living and their consistency with pain-related impairments described by a claimant:

> [T]he ALJ erred in finding that these activities, if performed in the manner that [the claimant] described, are inconsistent with the pain-related impairments that [the claimant] described in her testimony. We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day. *See, e.g., Smolen v. Chater*, 80 F.3d , 1273, 1287 n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.") Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," we have held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted in original): *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical difference between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." (citations omitted in original)).

*Garrison v. Colvin*, 759 F.3d 955, 1016 (9th Cir. 2014). Plaintiff argues the ALJ erred by relying upon activities of daily living to discredit plaintiff's testimony (*see* Dkt. 15, p.

11). The Court agrees and finds that the ALJ failed to adequately explain how plaintiff's activities undermine his allegations of disabling pain.

The ALJ listed a number of activities that he determined undermined plaintiff's testimony—including using a computer, relying upon his friend for car rides, mowing his yard, and riding his bicycle (*see* AR. 31)—but the ALJ did not explain how plaintiff's activities contradict his allegations of disabling pain, nor did the ALJ explain how these activities translate to a work setting. *Orn*, 495 F.3d at 639. For example, the ALJ cited plaintiff's computer use as evidence of a lack of credibility related to plaintiff's memory loss (*see* AR. 31 citing AR. 581), but the ALJ failed to explain how computer use is inconsistent with plaintiff's allegations of memory loss. Similarly, the ALJ noted that plaintiff's friend picks him up, but again fails to explain how the testimony undermines plaintiff's testimony regarding his symptoms. Further, the assumption that plaintiff "goes places and interacts with others" because his friend picks him up is impermissible speculation, *see* SSR 86-8, 1986 SSR LEXIS 15 at *22 (an ALJ may not speculate), unsupported by substantial evidence. Indeed, plaintiff's friend and lay witness reported that plaintiff relies upon him for transportation to the grocery store, to visit with family, and to medical appointments (AR. 280). Finally, the ALJ suggested that plaintiff's exercise in September 2012 is evidence of plaintiff's lack of credibility (AR. 31 citing AR. 584). However, a doctor recommended that plaintiff exercise "when the pain comes on" (AR. 584), and plaintiff should not be penalized for following a doctor's orders and attempting to lead a normal life in the face of his limitations. *See Reddick*, 157 F.3d at 722.

Third, the ALJ rejected plaintiff's testimony finding that he is not "motivated to work consistently" (AR. 31-32). The ALJ noted that plaintiff's "earnings records show sporadic earnings and low earnings … [that] suggests that the claimant has not been motivated to work and continues to lack motivation to work" (AR. 32). Evidence of a poor work history that suggests a claimant is not motivated to work can be a proper reason to discredit a claimant's testimony that he is unable to work. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that lack of motivation to work is a sufficient reason to discount a plaintiff's testimony); *see also Franz v. Colvin*, 91 F. Supp. 3d 1200, 1209–10 (D. Or. 2015) (holding the same). However, as an initial matter, the ALJ failed to indicate what evidence he was relying upon in concluding that plaintiff was not motivated to work. In the absence of such an explanation or supporting evidence, the ALJ's conclusion that plaintiff had little motivation to work is insufficient. Moreover, the Court disagrees that plaintiff's work history is inconsistent with his allegations of disability. Plaintiff testified that he drove a taxi cab from 2010 through the date he became disabled in April 2012 (*see* AR. 47-48). He also testified that he was released from the hospital with restrictions preventing him from working (AR. 48). Thus, based on the record before it, the Court finds that the ALJ's determination that plaintiff's symptoms and testimony are belied by his lack of motivation is not supported by the record as a whole. Based on the foregoing, the Court concludes that the ALJ failed to provide clear and convincing reasons for failing to credit fully plaintiff's allegations of his limitations.

Nevertheless, the Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) Here, had the ALJ credited fully plaintiff's allegations, the RFC determination would have been very different. For example, plaintiff alleged limitations related to his ability to lift more than ten pounds (*see* AR. 46-47), while the ALJ's RFC finding includes the ability to "lift twenty pounds occasionally and ten pounds frequently" (AR. 28. Similarly, the ALJ rejected plaintiff's testimony regarding his pain and frequent bathroom breaks (*see* AR. 46-47) with no limitations in the RFC regarding these impairments. Thus, the ALJ's rejection of plaintiff's testimony was not harmless as the Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Marsh*, 792 F.3d at 1173 (citing *Stout*, 454 F.3d at 1055-56).

**(2)     Whether the ALJ properly rejected the lay witness statement.**

Plaintiff also challenges the ALJ's treatment of the lay witness statement of plaintiff's roommate, David Wheeler (Dkt. 15, pp. 9-11). Mr. Wheeler offered a lay witness statement about the claimant and noted that plaintiff's health has "declined dramatically since his pulmonary embolism in 2012" (AR. 280). He observed that although plaintiff attempts "ordinary household chores … he becomes winded" (AR.

280). Mr. Wheeler also stated that plaintiff depends on him for transportation to appointments and to visit family, that plaintiff uses the restroom multiple times a day, and that plaintiff suffers from "serious memory limitations" (AR. 280).

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as physical therapists and physician assistants, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); *Cole v. Astrue*, 395 F. App'x 387, 389 (9th Cir. 2010); SSR 06-3p, 2006 WL 2329939 at *2. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill*, 12 F.3d at 919); 20 C.F.R. §§ 404.1513(d) (4) and (e), 416.913(d) (4) and (e)).

The Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009)

(citing *Smolen*, 80 F.3d at 1289). Similar to the rationale that an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, 947 F.2d at 343, 346-47 (citation omitted), but may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995) (citing *Allen v. Heckler*, 749 F.3d 577, 579 (9th Cir. 1984)), an ALJ may discredit lay testimony if it conflicts with medical evidence, even though it cannot be rejected as unsupported by the medical evidence. *See Lewis*, 236 F.3d at 511 (An ALJ may discount lay testimony that "conflicts with medical evidence") (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Bayliss*, 427 F.3d at 1218 ("Inconsistency with medical evidence" is a germane reason for discrediting lay testimony) (citing *Lewis*, 236 F.3d at 511).

The ALJ "considered" Mr. Wheeler's opinion but stated it "cannot be given great weight as: [1] "it is not consistent with the totality of the evidence in the record" and "[a]lthough the undersigned finds that the lay witness' statement is generally credible as to his observations, his statements are inconsistent with the medical evidence of record, which does not support the claimant's allegations" and; [2] "Mr. Wheeler is not a trained medical professional nor is he an expert [at] pain levels" (AR. 32). Neither reason offered to discount Mr. Wheeler's statement is sufficient.

First, the ALJ rejected Mr. Wheeler's statement as inconsistent with the medical evidence. Although "[i]nconsistency with medical evidence" is a germane reason for discrediting lay testimony, *see Bayliss*, 427 F.3d at 1218, the ALJ did not explain how

1  Mr. Wheeler's statement is inconsistent with the medical evidence. Thus, the first reason
2  the ALJ offered to reject Mr. Wheeler's opinion is insufficient.
3      Second, the ALJ rejected Mr. Wheeler's statement because he is not a trained
4  expert in pain levels. The fact that Mr. Wheeler is not a medical professional is not a
5  germane reason for rejecting his statement regarding his observations of plaintiff's
6  limitations. Lay witnesses, by definition, are not medical professionals, and the ALJ's
7  reasoning would lead to a wholesale dismissal of all opinions or statements by lay
8  witnesses. "Disregard of [lay witness] evidence violates the Secretary's regulation that he
9  will consider observations by non-medical sources as to how an impairment affects a
10 claimant's ability to work." *Dodrill,* 12 F.3d at 919 (citations omitted).
11     Accordingly, the ALJ failed to give any legally adequate reason to reject the lay
12 witness statement made by Mr. Wheeler.
13

    **(3)    Whether the ALJ's decision is supported by substantial evidence in light of Dr. Gritzka's opinion, incorporated and considered by the Appeals Council.**

14 Plaintiff also argues that the ALJ's decision is no longer supported by substantial
15 evidence in light of an opinion by Thomas Gritzka, M.D., incorporated into the record by
16 the Appeals Council after the ALJ issued his decision (*see* Dkt. 15, pp. 4-9). In light of
17 the fact that this matter is remanded for the ALJ to reconsider plaintiff's testimony and
18 statements and to reconsider the lay witness statement of Mr. Wheeler, the Court need not
19 address whether the ALJ's decision is supported by substantial evidence. Upon remand,
20 the ALJ shall incorporate Dr. Grizka's opinion into his analysis.

**(4)  Whether, in light of these errors, the RFC and hypothetical questions were complete.**

Finally, plaintiff argues the ALJ's RFC is flawed, and thus the hypothetical questions posed to the vocational expert were flawed (*see* Dkt. 15, p. 12). As discussed in Section 1, *supra*, had the ALJ properly weighed plaintiff's credibility, the RFC may have included additional limitations. Similarly, the hypothetical questions posed to the vocational expert may have been different. Thus, upon remand, the ALJ shall re-evaluate the RFC and Step Five findings, if necessary.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 7th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge